NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CHERYL MORRISON | : | |
| Plaintiff, | : | Civ. No. 19-20369-KM-AME |
| v. | : | |
| CITY OF JERSEY CITY, JERSEY CITY POLICE DEPARTMENT, PO ARKAIUSZ ZYLKIEWICZ and POLICE OFFICER JOHN AND JANE DOES 1-20 | : | OPINION AND ORDER |
| Defendants. | : | |

**ESPINOSA**, Magistrate Judge

Plaintiff Cheryl Morrison ("Plaintiff") brings this motion for leave to file an Amended Complaint, pursuant to Rules 15(a)(2) and 16(b)(4) of the Federal Rules of Civil Procedure. [D.E. 44]. Defendants City of Jersey City ("Jersey City") and Officer Arkaiusz Zylkiewicz ("Officer Zylkiewicz") (collectively, "Defendants") oppose the motion. [D.E 47]. The Court held oral argument on June 30, 2022. For the following reasons, Plaintiff's motion is granted in part and denied in part.

**I.    Background**

Plaintiff's allegations against Defendants and the procedural history of this matter are described in detail in the District Court's March 29, 2022 Opinion [D.E. 42]. In her initial Complaint [D.E. 1], Plaintiff sued Jersey City, the Jersey City Police Department, Officer Zylkiewicz, and various John/Jane Does pursuant to 42 U.S.C. §1983. Plaintiff alleged that after

1

a Jersey City police car collided with her vehicle, Officer Zylkiewicz emerged from the police car, yelled at her, and was soon joined by additional officers who surrounded her car, shouted at her, and intimidated her. [D.E. 1]. The Complaint alleged in Counts One and Two, pursuant to 42 U.S.C. § 1983, that Jersey City police officers violated her rights under the Fourteenth Amendment to the U.S. Constitution and the New Jersey Civil Rights Act ("NJCRA"), N.J. Stat. Ann. § 10-6.2, because they (1) detained, arrested, and charged her primarily due to her race, and (2) exercised excessive force in screaming at her, surrounding her, arresting her, and repeatedly administering a breathalyzer test on her. [D.E. 1 ¶¶ 51-69]. She alleged in Count Three that the officers conspired to deprive her of her civil rights in violation of 42 U.S.C. § 1985 and the NJCRA. Id. ¶¶ 70-73.

On July 13, 2021, Defendants moved to dismiss the Complaint, arguing Plaintiff's claims against Jersey City should be dismissed because she failed to properly allege municipal liability. The District Court agreed and held that Plaintiff failed to plead sufficiently that the alleged constitutional violations were caused by a policy or custom adopted by Jersey City or the Jersey City Police Department.[1] Specifically, the District Court found that Plaintiff's claim that the conduct at issue was the result of an official policy or custom rested solely on the allegation that high-ranking police officers were inside the police station when Plaintiff's constitutional rights were allegedly being violated outside. The District Court found that Plaintiff failed to allege sufficient details concerning how this alleged tacit approval constituted an official declaration of municipal policy or a municipal course of conduct, and that Plaintiff's remaining allegations lacked detail and were conclusory. Accordingly, the District Court dismissed Counts One, Two, and Three as to Jersey City without prejudice, and granted Plaintiff leave to file an amended

---

[1] The District Court dismissed the claims against the Jersey City Police Department because a police department is not a separate legal entity, but a department of the municipality. [D.E. 42 at n.5].

complaint that attempts to remedy those deficiencies. The District Court did not address the claims against Officer Zylkiewicz and those claims remain pending.

In her proposed Amended Complaint [D.E. 44], Plaintiff seeks to cure the deficiencies identified by the District Court. She also adds two additional proposed causes of action against Jersey City and Officer Zylkiewicz. In amended Count One, Plaintiff asserts a claim for an unreasonable search and seizure in violation of the Fourth Amendment, based on her allegations that Officer Zylkiewicz unreasonably arrested her and seized her car without probable cause. In amended Count Two, Plaintiff asserts a claim for an alleged failure to provide her with due process in violation of the Fourteenth Amendment, based on her allegations that Officer Zylkiewicz wrongfully detained, arrested, and seized Plaintiff's person and property, and that Jersey City wrongfully prosecuted her without due process.

## II.     Discussion and Analysis

### A. Motion to Amend Standard

Pursuant to Rule 15(a), leave to amend should be freely given when justice requires. Fed. R. Civ. P. 15(a)(2). A plaintiff should be given the opportunity to amend her claims unless there is "undue delay, bad faith or dilatory motive on the part of the [plaintiff], repeated failure to cure deficiencies by amendments previously allowed, [and/or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Shane v. Fauver, 213 F.3d 113, 115 (3rd Cir. 2000) (citing In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1434 (3rd Cir. 1997)). A finding of futility also requires a Fed. R. Civ. P. 12(b)(6) analysis for a failure to state claim. In re Burlington, 114 F.3d at 1434.

### B. Municipality Liability under 42 U.S.C. § 1983 and NJCRA

Under Monell v. New York City Dep't. of Social Servs., 436 U.S. 658, 694 (1978), a local government entity may be responsible for constitutional violations of its employees under Section 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts and acts may fairly be said to represent official policy, inflicts the injury." Thus, to state a Section 1983 claim against a municipality, the complaint "must identify a custom or policy, and specify what exactly that custom or policy was," McTernan v. City of York, Pa, 564 F.3d 636, 658 (3d Cir. 2009), and specify facts showing a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation," Jiminez v. All American Rathskeller, Inc., 503 F.3d 247, 249 (3d Cir. 2007) (quoting City of Canton v. Harris, 489 U.S. 378, 385 (1989)).[2]

For a municipality to be liable under Section 1983, the Court must find an underlying constitutional violation. Martin v. Cty. of Atl., No. 18-11931, 2019 U.S. Dist. LEXIS 204815, at *13 (D.N.J. Nov. 26, 2019). To hold a defendant liable on a Monell claim, a plaintiff must establish that the policy or custom at issue "caused a violation of [her] constitutional rights." Id. (citing Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 584 (3d Cir. 2003). A policy is made when a "'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict." Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986)). "Custom" is shown by a course of conduct that is not authorized by law, but it is

---

[2] The NJCRA is "generally interpreted nearly identically to § 1983 and claims under the NJCRA are generally contemporaneous with and subject to the same defenses and immunities as those brought under § 1983." Martin v. Cty. of Atl., No. 18-11931, 2019 U.S. Dist. LEXIS 204815, at *12 n.5 (D.N.J. Nov. 26, 2019)

4

practiced by state or local government officials and is so permanent and well settled that it virtually constitutes law. Andrews, 895 F.2d at 1480.

For a municipality to be liable under Section 1983, a plaintiff must do more than identify conduct attributable to the municipality. Board of Cnty. Com'rs of Bryan Cnty., Okl. v. Brown, 520 U.S. 397, 404 (1997). The plaintiff must demonstrate that "the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." Id. In other words, simply alleging that the municipality has a "policy" or "custom" is not enough to prove it is liable under Section 1983; there must be a plausible nexus between the purported policy or custom and the specific alleged constitutional violation. Bielevicz v. Dubinon, 915 F.2d 845, 851 (3d Cir. 1990); see City of Oklahoma City v. Tuttle, 471 U.S. 808, 823 ("there must be an affirmative link between the policy and the particular constitutional violation alleged"). A single incident of unconstitutional activity is not enough to impose liability under Monell unless there is proof that the incident was caused by an unconstitutional policy that was created by a municipal policymaker. Id. at 823-24.

Here, in Plaintiff's proposed Amended Complaint, she alleges four predicates that she contends provide the basis for municipal liability under Monell: (1) Officer Zylkiewicz has a history of misconduct that Jersey City tolerated and condoned; (2) Jersey City abandoned its investigation of the automobile accident involving Plaintiff and a Jersey City police car; (3) published statistics demonstrate that African Americans are arrested more frequently and are more likely to have force used upon them by the police in Jersey City; and (4) newspaper articles reflecting prior corruption in the Jersey City Police Department. Am. Compl. [D.E. 44] ¶¶ 58-83.

The Court finds that the four predicates alleged in the proposed Amended Complaint lack a sufficient nexus to the alleged constitutional violations at issue in this case and fail to cure the

5

deficiencies in the original allegations identified by the District Court, rending the proposed amendments futile. Plaintiff's first predicate recites prior, unrelated instances where Officer Zylkiewicz was the subject of complaints that he allegedly used excessive force, drove recklessly, used racial epithets, and submitted false reports. Am. Compl. [D.E. 44] ¶¶ 58-65. Plaintiff alleges that Jersey City failed to adequately train and discipline Officer Zylkiewicz because it investigated the complaints in a "perfunctory fashion" and "improperly found [the complaints] to be 'not sustained,'" or sustained the complaints but did not discipline Officer Zylkiewicz. Id.

The Court would have serious concerns if Plaintiff had identified specific facts demonstrating that Officer Zylkiewicz actually engaged in the above alleged misconduct and that Jersey City improperly trained officers or tolerated known misconduct. But to show that a municipality observed a policy of inadequate training, there must be evidence that this inadequate training resulted from the choice of policymakers to have an inadequate training program. Tuttle, 471 U.S. at 823. For liability to attach, the issues with the municipality's training must be closely related to the injury that is being alleged. City of Canton, Ohio v. Harris, 489 U.S. 378, 391 (1989). Here, Plaintiff has not identified any facts showing that prior decisions not to discipline Officer Zylkiewicz were incorrect and that Jersey City chose to train him inadequately. Plaintiff also has failed to show that Jersey's City's prior decisions not to discipline Officer Zylkiewicz have anything to do with Plaintiff's alleged injuries. Therefore, her first alleged predicate lacks a sufficient factual nexus to the constitutional violations alleged.

Plaintiff's second alleged predicate is that Jersey City failed to properly investigate the underlying incident. She alleges that "no effort was made to retain the surveillance video," which she contends "would have clearly shown Defendant Zylkiewicz to be at fault" because "he had

6

hit her broadside," and that "no findings were issued by the Crash Investigation Unit which is tantamount to a cover up." Am. Compl. [D.E. 44] ¶¶ 66-70. The Court finds that Plaintiff's argument that the alleged lack of investigation after the accident shows that the incident was caused by a municipal policy is circular and conclusory. As explained above, unconstitutional activity is not enough to impose liability under Monell unless there is proof that the conduct was caused by an unconstitutional policy that was created by a municipal policymaker. Tuttle, 471 U.S. at 824. An alleged lack of investigation after the fact, without more, falls short of such proof. Plaintiff's argument that Officer Zylkiewicz was at fault for the accident is irrelevant to her alleged Constitutional injury. Moreover, Plaintiff fails to explain why further investigation was necessary given that she pleaded guilty to reckless driving in connection with the accident, and how the failure to maintain one video and investigate one accident constitutes a policy or practice by Jersey City. Therefore, Plaintiff's second predicate is also insufficient under Monell.

At oral argument, Plaintiff's counsel conceded that predicates three and four (Am. Compl. [D.E. 44] ¶¶ 71-83) are general allegations that are not specifically tied to Officer Zylkiewicz or the alleged deprivations of Constitutional rights at issue here, although counsel urged the Court to find they are nevertheless a sufficient basis to permit the proposed amendments. The Court declines that invitation and, instead, finds that these allegations also lack a sufficient nexus to the conduct about which Plaintiff complains to establish a basis for liability under Monell.

In sum, the Court finds that Plaintiff's proposed Amended Complaint has failed to cure the deficiencies identified by the District Court regarding Monell liability and that the proposed

amendment as to Jersey City would be futile.[3] Therefore, Plaintiff's motion to amend its claims against Jersey City is denied.

### C. Plaintiff's Proposed New Allegations and Claims Against Officer Zylkiewicz

Although the District Court only granted leave to Plaintiff to amend her Monell claims against Jersey City [D.E. 42 at 8], Plaintiff also seeks to add two claims against Officer Zylkiewicz. As noted above, Plaintiff's two proposed additional causes of action against Officer Zylkiewicz allege against him an unreasonable search and seizure in violation of the Fourth Amendment and a failure to provide her with due process in violation of the Fourteenth Amendment. Am. Compl. [D.E. 44] ¶¶ 84-95. Plaintiff also made certain revisions and added additional details to her existing allegations and claims against Officer Zylkiewicz. Because the District Court did not grant leave to amend the claims against Officer Zylkiewicz, and Plaintiff filed this motion after the October 16, 2020 deadline for motions to amend her pleadings [D.E. 12], this aspect of the motion is subject to Rule 16(b)(4) as well as Rule 15(a).

#### 1. "Good Cause" Pursuant to Rule 16(b)(4)

When a plaintiff amends her complaint past the deadline set by the Court in the scheduling order, that party must first demonstrate that there is "good cause" to modify the scheduling order and allow the amendments. Fed. R. Civ. P. 16(b)(4). The Court examines "good cause" by "focusing on the moving party's burden to show due diligence." Race Tires Am., Inc. v. Hoosier Racing Tire Corp, 614 F.3d 57, 84 (3d Cir. 2010). To assess the movant's diligence, "courts typically ascertain whether the movant possessed, or through the exercise of reasonable

---

[3] For the same reasons, Plaintiff's proposed amended claims against Jersey City brought pursuant to the NJCRA are also deficient and the Court denies leave to amend with respect to those claims, as well. See Martin, No. 18-11931, 2019 U.S. Dist. LEXIS 204815, at *12 n.5 (noting that the NJCRA is "generally interpreted nearly identically to § 1983 and claims under the NJCRA are generally contemporaneous with and subject to the same defenses and immunities as those brought under § 1983.").

diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline expired." Sabatino v. Union Twp., No. 11-1656, 2013 U.S. Dist. LEXIS 54866, at *13 (D.N.J. Apr. 15, 2013).

Plaintiff was aware of the events forming the basis for her lawsuit prior to the October 16, 2020 deadline for motions to amend her Complaint. However, Officer Zylkiewicz and other Jersey City deponents were not deposed until long after that deadline, in April 2022. [D.E. 40]. Because Plaintiff filed this motion to amend on April 28, 2022, which is around the time that the depositions occurred or soon afterwards, the Court cannot find that Plaintiff lacked diligence in seeking to amend her claims against Officer Zylkiewicz.

### 2. Leave to Amend Pursuant to Rule 15(a)(2)

If a plaintiff demonstrates good cause, the court then proceeds to apply the standard applicable to motions to amend, pursuant to Rule 15(a). Rule 15(a)(2), as discussed above, provides that leave to amend must be freely given as justice requires. However, leave to amend may be denied if the Court finds that there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and/or] futility of amendment." Foman, 371 U.S. at 182; see also Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006) (citing Foman).

Here, the Court does not find any bad faith or dilatory motive on the part of Plaintiff. Given that Plaintiff filed this motion before the end of the fact discovery period, which closed on May 10, 2022 [D.E. 39], the Court finds that any delay in filing the motion was not undue. Regarding the possibility of prejudice, Plaintiff's proposed new claims concern the same incident already at issue in this case, and Officer Zylkiewicz would not need to recall any new

information to defend against the new claims. Cf. Piserchia v. Bergen Cty. Police Dep't, No. 12-2520, 2016 U.S. Dist. LEXIS 111382, at *12 (D.N.J. Aug. 22, 2016) (denying leave to amend where plaintiff sought to add claims "based on an entirely unrelated event involving a new theory of liability."). Additionally, Plaintiff's counsel stated at oral argument that no additional discovery is needed if her motion is granted. See Cureton v. NCAA, 252 F.3d 267, 273 (3d Cir. 2001) (when deciding whether a proposed amendment would be prejudicial, courts may consider whether it "would result in additional discovery"). Therefore, the Court cannot identify any prejudice that Officer Zylkiewicz would suffer by having to defend against the proposed Amended Complaint, and Defendants' counsel did not identify any specific prejudice at oral argument.

Defendants argue that Plaintiff should not be permitted to add new claims based on alleged violations of the Fourth and Fourteenth Amendments because the amendments would be time-barred and, therefore, futile. [D.E. 47 at 4]. Defendants argue that because Plaintiff's proposed new claims are subject to a two-year statute of limitations and are based on the same alleged incident that occurred on March 24, 2018, they are time-barred. Id. (citing Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987)). At oral argument, Plaintiff did not dispute that the claims were subject to a two-year limitations period but instead argued that the claims relate back to the date of her original pleading.

Rule 15(c) "allows a plaintiff to sidestep an otherwise-applicable statute of limitations, thereby permitting resolution of a claim on the merits, as opposed to a technicality." Glover v. F.D.I.C., 698 F.3d 139, 144 (3rd Cir. 2012) (citing Krupski v. Costa Crociere S.p.A., 560 U.S. 538 (2010)). An amended pleading will relate back to the original pleading when, among other things, "the amendment asserts a claim … that arose out of the conduct, transaction, or

10

occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c). An amendment is deemed to "relate back" as long as the "original and amended petitions state claims that are tied to a common core of operative facts." Ariste v. Davis, No. 18-14974 (KM), 2020 U.S. Dist. LEXIS 115312, at *4 (D.N.J. June 29, 2020) (quoting Mayle v. Felix, 545 U.S. 644, 664 (2005)). Courts should find that a common core of operative facts exists between an initial and an amended pleading where "the opposing party has had fair notice of the general fact situation and legal theory upon which the amending party proceeds." Bensel v. Allied Pilots Ass'n, 387 F.3d 298, 310 (3rd Cir. 2004). Additionally, amendments will be allowed if they "restate the original claim with greater particularity or amplify the factual circumstances surrounding the pertinent conduct, transaction or occurrence in the preceding." Id. If this new claim, however, "asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading," then it does not relate back. Mayle, 545 U.S. at 650.

      Here, the Court finds that Plaintiff's proposed new claims arise out of the exact same incident and conduct at issue in the original Complaint. The Court also finds that Officer Zylkiewicz is on fair notice of Plaintiff's proposed new claims against him because they arise from the same incident and legal theories asserted in that initial Complaint. Officer Zylkiewicz is not being subjected to an unfair surprise by having to defend against Plaintiff's two new claims. For these reasons, the Court finds that Plaintiff's two proposed new claims relate back to the date of Plaintiff's original pleading and are not time-barred. The Court also finds that Plaintiff's proposed amendments to her existing claims against Officer Zylkiewicz provide additional details about the claims and should also be permitted.

      Accordingly, Plaintiff will be permitted to amend her existing claims and add the two proposed new claims against Officer Zylkiewicz.

### III. Conclusion and Order

For the foregoing reasons, Plaintiff's motion is granted in part and denied part. Plaintiff's motion for leave to amend is granted as to Officer Zylkiewicz and denied as to Jersey City.

Accordingly,

**IT IS** on this 12th day of August 2022,

**ORDERED** that Plaintiff's motion for leave to file an Amended Complaint [D.E. 44] is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that Plaintiff's request for leave to amend her claims against Officer Zylkiewicz is **GRANTED**; and it is further

**ORDERED** that Plaintiff's request for leave to amend her claims against Jersey City is **DENIED**; and it is further

**ORDERED** that, as set forth in D.E. 46, fact discovery is closed and will not be reopened; and it is further

**ORDERED** that, within five business days of the entry of this Order, the parties shall file a joint status letter that shall include a proposed schedule for the filing of Officer Zylkiewicz's response to the Amended Complaint and for the completion of expert discovery. In that letter, the parties shall also indicate whether they prefer to proceed with or reschedule the status conference already set for September 7, 2022, at 3:00 p.m. If they wish to reschedule the status conference, the parties shall propose alternative dates on which they are available for the conference.

    /s/ *André M. Espinosa*
    ANDRÉ M. ESPINOSA
    United States Magistrate Judge